MARY'S OPINION HEADING 









                                                NO.
12-06-00207-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

TANNER DON HOLE,        §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      
ANGELINA COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            This is an aggravated assault case.  On its initial submission, we held that
Appellant had been denied his Sixth Amendment right to counsel during the
thirty days following his sentencing.  We
abated the appeal and remanded the cause to the trial court with instructions
that the appellate timetable on Appellant’s motion for new trial should run
anew so that Appellant might have the opportunity to amend his motion for new
trial, and, if appropriate, obtain a hearing on his motion.  The trial court conducted a hearing on the
motion for new trial, but did not rule on the motion.  Therefore, Appellant’s motion for new trial
was overruled by operation of law.  In
one issue, Appellant contends the district court abused its discretion in
failing to grant his motion for new trial, because his trial counsel’s conflict
of interest adversely affected the defense and trial counsel did not disclose
the conflict, a violation of the Sixth and Fourteenth Amendments to the United
States Constitution and Article I, Section 10 of the Texas Constitution.  We affirm. 

 

Background








            Steven Wilson was a passenger in the back seat of
Appellant’s car during a police chase in which Wilson fired multiple shots from
Appellant’s rifle at the pursuing officers. 
At trial, Wilson was an important witness for the prosecution.

            During the trial, Wilson testified that when he first saw
the emergency lights of the patrol car, he told Appellant, “The cops are behind
us.  We’re going to jail.”  According to Wilson, Appellant made the
decision to evade the police, “slid the rifle into the back seat to me and
proceeded to tell me to do what was necessary to get the cop off our tail.”  Wilson testified that “it was implied that I
was to shoot the – shoot at the cop car. 
At one point in time, I believe he said, ‘Shoot.’”  Wilson fired approximately ten rounds at the
officers, shooting out the windshield of the pursuing patrol car causing it to
hit a fence.

            Appellant’s version of events differed substantially from
Wilson’s.  Appellant testified that when
he first became aware that a police car was behind him with its overhead lights
flashing, he intended to pull over. 
However, Wilson told him that “if I pulled over, that it was going to be
a dead pig.”  Wilson had the rifle, and Appellant
maintained that he decided to evade arrest because he feared Wilson would shoot
the officer.  Appellant denied telling
Wilson to shoot.  Appellant told the
jury, “At that time I was not sure or certain that – I knew he was – I knew he
was kind of crazy.”

            The record shows that Appellant’s trial counsel never
questioned Wilson concerning his history of drug use or his drug use on the day
of the offense.  Trial counsel never
asked Hole to explain his testimony that he knew Wilson to be “kind of crazy.”  Nor did trial counsel ask Appellant what he
knew of Wilson’s prior drug use or drug use on the day of the incident.

Motion for New Trial

            After remand, Appellant filed a motion for new trial
contending, for the first time, that his trial counsel had a conflict of
interest, which constituted a denial of Appellant’s right to counsel under the
United States and Texas constitutions. 
At the hearing on Appellant’s motion, Appellant’s trial counsel
acknowledged that he had represented Wilson as appointed counsel in a
proceeding wherein additional terms were added as conditions of Wilson’s
probation because of Wilson’s substance abuse problem.  At the time of Appellant’s trial one year
later, counsel had no recollection that he had ever represented Wilson.  Counsel testified that Appellant’s defensive
theory at trial was that Appellant acted to evade arrest out of fear that
otherwise Wilson would harm him or the officer. 
Counsel testified that Appellant never told him of Wilson’s drug
problem.  

            Appellant testified that Wilson had a serious drug
problem and that on the day of the incident Wilson seemed “strung out and high”
on crack cocaine.  Appellant conceded
that he never told his trial counsel about Wilson’s drug use.

Standard of Review

            We review a trial court’s denial of a motion for new
trial for abuse of discretion.  Charles
v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  A trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court’s ruling.  Id.

Applicable Law

            The Sixth Amendment guarantees the right to counsel who
is not “burdened by an actual conflict of interest.”  Strickland v. Washington, 466
U.S. 668, 692, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984).  In order to prevail on a Sixth Amendment
conflict of interest claim, a defendant who raised no objection at trial must
show that his attorney labored under an actual conflict of interest that
adversely affected his attorney’s performance. 
Cuyler v. Sullivan, 446 U.S. 335, 349-50, 100 S. Ct. 1708,
1718-19, 64 L. Ed. 2d 333 (1980).  In
other words, “the appellant must show that his trial counsel had an actual
conflict of interest, and that the conflict actually colored counsel’s actions
at trial.”  Acosta v. State,
233 S.W.3d 349, 356 (Tex. Crim. App. 2007).

            An actual conflict exists “if counsel is required to make
a choice between advancing his client’s interest in a fair trial or advancing
other interests . . . to the detriment of his client’s interest.”  Monreal v. State, 947 S.W.2d
559, 564 (Tex. Crim. App. 1997).  “When
an attorney is unable to cross-examine a government witness or is hindered in
such a cross-examination because of a privilege arising from counsel’s prior
representation of a witness[,] an actual conflict of interest exists.”  Ex parte McFarland, 163 S.W.3d
743, 759 n.52 (Tex. Crim. App. 2005) (citing United States v. Martinez,
630 F.2d 361, 362 (5th Cir. 1980)).  The
Tenth Circuit has noted that “in the context of successive representations, we
find it difficult to envision circumstances more fraught with inherent conflict
than where an appointed attorney representing a reluctant defendant must
present a defense theory inculpating the attorney’s former client, particularly
where the former representation was factually intertwined with the criminal
defendant’s case.”  Church v.
Sullivan, 942 F.2d 1501, 1511 (10th Cir. 1991).  “But until a defendant shows that his counsel
actively represented conflicting interests, he has not established the constitutional
predicate for his claim of ineffective assistance.”  Beets v. Collins, 65 F.3d 1258,
1266 (5th Cir. 1995).

            When an actual conflict is shown, the appellant need not
show that, but for his lawyer’s conflict, the outcome of the proceeding would
have been different; he need only demonstrate that the conflict “adversely
affected his lawyer’s performance.”  Cuyler,
446 U.S. at 348, 100 S. Ct. at 1718.  To
demonstrate that the conflict adversely affected his attorney’s performance, an
appellant must show that a “valid or genuine alternative strategy” was
available to his counsel, but was inherently in conflict with his duties to
others. . . .”  Church, 942
F.2d at 1512.

Discussion

            A year before the trial of the instant case, Appellant’s
trial counsel represented the witness Wilson in a proceeding wherein Wilson
agreed to commitment to the Regional Intermediate Sanction Facility because of
a “documentable substance abuse problem.” 
Counsel did not represent Wilson in the trial in which Wilson was placed
on probation, nor did he represent Wilson at the revocation of his
probation.  Counsel’s representation of
Wilson was in no way intertwined with or substantially related to his
representation of Appellant a year later. 
Counsel testified at the motion for new trial hearing that during
Appellant’s trial he was unaware that he had represented Wilson in the prior
proceeding.

            Appellant points out that Wilson provided the only direct
testimony that Appellant encouraged him to shoot at the pursuing officers.  Wilson’s version of events sharply
contradicted Appellant’s.  Counsel
presented no evidence at trial that Wilson had a drug problem.  Appellant insists that his trial counsel’s
conflict prevented him from developing, during cross examination, whether Wilson’s
drug use impaired Wilson’s capacity to recall the events in question.

            Appellant’s defensive theory was that he acted as he did,
because he was afraid of Wilson and believed that, if given the chance, Wilson
would kill him, his wife, and the pursuing officers.  Appellant argues that evidence of Wilson’s
addiction to crack cocaine and his violent and unpredictable behavior under its
influence also would have demonstrated the reasonableness of his fear of Wilson
and lent credibility to his defense.  

            We conclude that, under the facts of this case, an “actual
conflict of interest” never arose.  
Appellant’s trial counsel had no recollection during Appellant’s trial
that he had ever represented Wilson. 
Counsel’s representation of Wilson was extremely limited and occurred a
year prior to the trial of the instant case. 
The two cases were not connected. 
In his testimony Appellant conceded that he had not told his lawyer
about Wilson’s addiction to crack cocaine. 
During cross examination, counsel elicited Wilson’s admission that he
was “highly intoxicated” at the time of the offense and that his memory was “not
very good.”  Wilson also admitted that at
the time of the incident he was on deferred adjudication for five years for
failure to register as a sex offender and had more to lose as a result of
arrest than Appellant.  Counsel’s
rigorous cross examination of Wilson belies the notion that his failure to
develop testimony regarding Wilson’s crack cocaine addiction stemmed from his
awareness of a potential conflict. 
Moreover, counsel’s actions at trial could not have been affected or
colored by his earlier representation of Wilson absent any awareness on his
part of his prior representation of Wilson.

 

Disposition

            The trial court did not abuse its discretion in failing
to grant Appellant’s motion for new trial. 
The judgment is affirmed.

 

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered March 19, 2008.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)